IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRACY J. HOLDER
Individually and On Behalf of All
Others Similarly Situated who Consent
to their Inclusion in a Collective
Action,

   Plaintiff,

    v.

MJDE VENTURE, LLC, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:08-CV-2218-TWT

ORDER

This is a Fair Labor Standards Act case. It is before the Court on Defendant MJDE Venture, LLC's Motion for Summary Judgment [Doc. 28]. For the reasons set forth below, the Motion is DENIED.

I. Background

From July 2006 to June 2008, Plaintiff Tracy Holder was a waitress and an assistant manager at the Thomas Country Buffet in Covington, Georgia. During that time, Defendant MJDE Venture, LLC owned the restaurant. Defendant Myung Soo Kim owned MJDE Venture, LLC. The Plaintiff says that the Defendants violated the minimum wage and overtime pay requirements of the Fair Labor Standards Act, 29

U.S.C. §§ 206-207. She says the Defendants violated the Act by (1) not paying her time and one half for overtime work; (2) not paying her at all for work before the restaurant opened, during the mid-afternoon period from 3PM to 5PM, and after the restaurant closed; and (3) not paying her the full minimum wage for substantial time spent on work that did not produce tips. In addition to her own claims, the Plaintiff asserts claims on behalf of other employees similarly situated. See 29 U.S.C. § 216(b). The Defendants now move for summary judgment. They say they did not violate the Fair Labor Standards Act because they can claim the Plaintiff's tips as wages. See 29 U.S.C. § 203(m). They also say, even if they did violate the Fair Labor Standards Act, the Court should not award liquidated damages because they acted in good faith and with reasonable grounds for believing their actions were not violations. See 29 U.S.C. § 260.

## II. Summary Judgement Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show

the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III. Discussion

The Defendants say that they did not violate the Fair Labor Standards Act because they can claim the Plaintiff's tips as wages. A tipped employee is "any employee engaged in an occupation in which [the employee] customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). An employer does not have to pay a tipped employee the full minimum wage. An employer may pay a cash wage of at least $2.13 per hour[1] and claim the employee's tips as wages to make up the difference between $2.13 per hour and the current minimum wage. See 29 U.S.C. § 203(m). If the cash wage and actual tips do not add up to the minimum wage, then the employer must pay the employee the difference. 29 C.F.R. § 531.59. From September 1, 1997 to July 23, 2007, when the minimum wage was $5.15 per hour, an employer could pay a cash wage of $2.13 per hour and claim the employee's

---

[1] An employer may actually pay a cash wage of $2.125 per hour. See Chisolm v. Gravitas Restaurant Ltd., No. H-07-475, 2008 WL 838760, at *2 (S.D. Tex. Mar. 25, 2008). But the parties in this case and courts in other cases have used numbers rounded to the nearest hundredth, and so the Court will do the same.

tips to make up the remaining $3.02 per hour. From July 24, 2007 to July 23, 2008, when the minimum wage was $5.85 per hour, an employer could pay a cash wage of $2.13 per hour and claim the employee's tips to make up the remaining $3.72 per hour. An employer, however, cannot claim the employee's tips as wages unless it has provided proper notice to the employee. The employer must inform the employee that it will claim the employee's tips as wages and that this is how they will satisfy the minimum wage. See 29 U.S.C. § 203(m); Kilgore v. Outback Steakhouse, 160 F.3d 294, 298 (6th Cir. 1998).

The Defendants cannot claim the Plaintiff's tips as wages unless they provided proper notice to the Plaintiff. Whether they did is genuinely disputed. The Defendants say the Plaintiff knew her salary was $2.15 per hour and also knew she could keep all of her tips. But that is not sufficient evidence of proper notice. That an employee "expected to earn and retain their tips . . . does not suggest even mildly that [the employee] knew anything of the minimum wage laws or defendants' intention to claim a tip credit against their obligations." Martin v. Tango's Restaurant, Inc., 969 F.2d 1319, 1323 (1st Cir. 1992). The Defendants must have affirmatively provided notice to the Plaintiff. See Bernal v. Vankar Enters., 579 F. Supp. 2d 804, 809-10 (W.D. Tex. 2008). The Plaintiff says the Defendants never did:

    Q. Did Ms. Kim ever collect your tips and count them?
    A. Never.

> Q. Where do you think she got the basis for [the number of tips you received]?
> A. We don't know. She never asked.
> Q. Did Ms. Kim ever say anything to you about a tip credit?
> A. Never.
> Q. Did she say anything about a tip allowance?
> A. (Shakes head side to side.)
> Q. And she never added up your tips for the week and showed you that you made at least minimum wage with the hourly rate and tips combined?
> A. Never.
> Q. She never did that with any employees as far as you know?
> A. Never.

(Holder Dep. at 66.) The Defendants also say they provided proper notice because they had a written policy that stated "the employer estimates these tips to get the minimum hourly pay of $5.85." (Kim Dep., Ex. 2.) But the Defendants do not point to any evidence that they gave a copy of this policy to the Plaintiff, and the Plaintiff's statements suggest they did not. The Defendants also do not say when they adopted this policy. The fax date on the policy is "9/11/2007," and the policy itself discusses a $5.85 minimum wage, which was not effective until July 24, 2007. This suggests that the Defendants did not adopt this policy until late 2007, which is one year after the Plaintiff started.

Even if the Defendants can claim the Plaintiff's tips as wages, they still may have violated the Fair Labor Standards Act. First, the Fair Labor Standards Act required the Defendants to pay the Plaintiff time and one half for overtime work, and

whether they did is genuinely disputed. Overtime requires "compensation . . . at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1). A tipped employee's "regular rate of pay includes the amount of tip credit taken by the employer." 29 C.F.R. § 531.60. Because the Defendants paid the Plaintiff a cash wage of at least $2.13 per hour[2] and claimed the Plaintiff's tips as wages to make up the difference between $2.13 per hour and the minimum wage, the Plaintiff's regular rate of pay was equal to the minimum wage. From the time Plaintiff started to July 23, 2007, the minimum wage was $5.15 per hour. The Plaintiff's overtime rate was, therefore, $7.73 (5.15 X 1.5 = 7.725). But, because tips that an employer can claim as wages also count as compensation for purposes of overtime pay, the Defendants can subtract $3.02 per hour, leaving the Plaintiff's overtime rate at essentially $4.71 per hour (7.73 – 3.02 = 4.71). See 29 C.F.R. § 531.60. From July 24, 2007, to the time the Plaintiff finished, the minimum wage was $5.85 per hour. The Plaintiff's overtime rate was, therefore, $8.78 (5.15 X 1.5 = 8.775). But, again, the Defendants can subtract $3.72 per hour, leaving the Plaintiff's overtime rate at essentially $5.06 per hour (8.78 – 3.72 = 5.06). Even

---

[2]The Defendants say they paid a cash wage of $2.15 per hour, while the Plaintiff sometimes says they paid $2.13 per hour and at other times says they paid $2.15 per hour. Because of the summary judgment standard, and because it is easier, the Court will assume it was $2.13 per hour.

though the Plaintiff regularly did overtime work, the Defendants admit they never paid her more than her regular cash wage:

> Q. Are you saying you were paying her for five more hours?
> A. Yes. And I told her that I cannot give her overtime. So first I didn't give her two shifts. So that's the first we did, and she said: I need money. So she said: If it's over five hours, just give me payment – well, give me pay.
> Q. Were you paying her time-and-a-half her normal rate for those five hours?
> A. No; regular. She wants it.

(Kim Dep. at 33.)[3] The Defendants say, if you add up all of the Plaintiff's tips and cash wage of $2.13 per hour, the Plaintiff received total compensation that is equal to her overtime rate. But the Defendants cannot claim <u>all</u> of the Plaintiff's tips as wages. The Defendants can only claim the Plaintiff's tips as wages to make up the difference between $2.13 per hour and the current minimum wage. <u>See</u> 29. U.S.C. § 203(m). "Any tips received by the employee in excess of the tip credit . . . are not payments made by the employer to the employee as remuneration for employment within the meaning of the [Fair Labor Standards] Act." 29 C.F.R. § 531.60.

---

[3]The Plaintiff does not agree that she consented to her regular cash wage for overtime work. Even if she did, it would not affect her claims. "[Courts] have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act." <u>Barrentine v. Arkansas-Best Freight Sys.</u>, 450 U.S. 728, 740 (1981).

Second, the Fair Labor Standards Act required the Defendants to pay the Plaintiff for work before the restaurant opened, during the mid-afternoon period, and after the restaurant closed. Whether they did is genuinely disputed. The Defendants say they paid the Plaintiff at least $2.13 per hour for all work, except for work between 3PM and 5PM. They say the Plaintiff worked between 3PM and 5PM five days a week, and they paid her $75 a week for that work, which amounts to $7.50 per hour. (Kim Dep. at 24-27.) The Plaintiff does not agree. She says the Defendants did not pay her at all for work before the restaurant opened in the morning and after the restaurant closed at night. (Holder Aff. ¶¶ 4-5.) She also specifically denies that the Defendants paid her for work between 3PM and 5PM. (Id.); (Holder Dep. at 61.)

Third, the Fair Labor Standards Act required the Defendants to pay the Plaintiff the full minimum wage for substantial time spent on work that did not produce tips, and whether they did is genuinely disputed. Where an employee spends time on work that does not produce tips:

> [An employer may take] the tip credit for time spent in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips (i.e. maintenance and preparatory or closing activities). For example a waiter/waitress, who spends some time cleaning and setting tables, making coffee, and occasionally washing dishes or glasses may continue to be engaged in a tipped occupation even though these duties are not tip producing, provided such duties are incidental to the regular duties of the server (waiter/waitress) and are generally assigned to the servers. However, where the facts indicate that specific employees are routinely assigned to maintenance,

> or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for time spent in such duties.

Department of Labor, Field Operations Handbook, 30d00(e) (1988), available at http://www.dol.gov/whd/FOH/FOH_ch30.pdf; see also Myers v. Copper Cellar Corp., 192 F.3d 546, 554 (6th Cir. 1987) ("Although those administrative pronouncements do not bind the courts, they nonetheless provide[] some persuasive authority . . . ."). If the Plaintiff, therefore, spent substantial time on work that did not produce tips, the Defendants were required to pay the full minimum wage and could not claim the Plaintiff's tips as wages for this work. The Defendants say, out of an approximately twelve and a half hour work day, the Plaintiff did not spend more than two and a half hours on work that did not produce tips. (Def.'s Br. in Supp. of Its Mot. for Summ. J., at 8.) In other words, they say the Plaintiff did not spend more than 20 percent of her time on work that did not produce tips. They also say they paid the Plaintiff $75 a week for work between 3PM and 5PM, which they say covers most of her time. (Id., at 10.) The Plaintiff does not agree. She says she worked thirteen hours a day and spent four of those hours on work that did not produce tips. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 22-23.) She also specifically denies that the Defendants paid her for work between 3PM and 5PM. (Holder Aff. ¶¶ 4-5); (Holder Dep. at 61.)

Lastly, the Defendants say even if they did violate the Fair Labor Standards Act, the Court should not award liquidated damages because they acted in good faith and with reasonable grounds for believing their actions were not violations. The Fair Labor Standards Act provides that:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation . . . the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [29 U.S.C. § 216].

29 U.S.C. § 260. "[A]n employer may [not] rely on ignorance alone . . . for believing that its actions were not in violation of the Act." Barcellona v. Tiffany English Pub, Inc., 597 F.2d 464, 468-69 (5th Cir. 1979). An employer must have "had an honest intention to ascertain what the [Act] requires and to act in accordance with those requirements." Feniger v. Café Aroma, No. 2:05cv319, 2007 WL 853735, at *3 (M.D. Fla. Mar. 16, 2007).

The Court does not have the discretion to deny liquidated damages unless the Defendants acted in good faith and with reasonable grounds for believing their actions were not violations, and whether they did is genuinely disputed. The Defendants say their calculations "appeared to . . . reflect that [the Plaintiff] received more than sufficient compensation for her services." (Def.'s Br. in Supp. of Its Mot. for Summ. J., at 12.) But the Defendants do not point to any evidence that they actually relied on

these calculations before this litigation. And they do not identify any reasonable grounds for believing their calculations were consistent with the Fair Labor Standards Act. The Defendants also say they relied on their accountant to generate payroll. But the Defendants do not identify any factual or legal errors that the accountant made. The Plaintiff also points out that the accountant would have relied on the Defendants' records, and by the Defendants' own admission, their "recordkeeping [was] seriously lacking." (Id., at 13.)

## IV. Conclusion

For the reasons set forth above, the Defendant MJDE Venture, LLC's Motion for Summary Judgment [Doc. 28] is DENIED.

SO ORDERED, this 30 day of November, 2009.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge